NO. 07-00-0285-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MAY 30, 2003

_____

TRAKEITH DUANE MCINTOSH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 39924-A; HONORABLE DAVID GLEASON, JUDGE

_____

Before JOHNSON, C.J., and REAVIS, J., and BOYD, S.J.[1]

MEMORANDUM OPINION

Appellant Trakeith Duane McIntosh appeals from his conviction for aggravated assault with a deadly weapon, and incarceration for seven years. By seven issues he asserts that the trial court abused its discretion in failing to suppress evidence discovered

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

by police following appellant's warrantless arrest and during the subsequent warrantless search of appellant's vehicle. We affirm.

BACKGROUND

On February 5, 1998, appellant's girlfriend, Josetta Williams, was visiting with some friends at an apartment where two of the friends lived. During the evening, the group went riding in an automobile being driven by Taniko Owens. One of the occupants of the automobile, in addition to Williams, was Tonia Sanders. Eventually, the group decided to drive to a nightclub called the Atmosphere. When Williams and her friends arrived in the vicinity of the Atmosphere, appellant drove in front of the automobile in which they were riding and "cut them off." Appellant walked up to the car occupied by Williams and her friends, whereupon Williams exited the car, went to where appellant's brown station wagon was stopped, and entered the station wagon. Owens and Sanders testified to the effect that after Williams entered appellant's vehicle, appellant opened the hood of his car, then returned to the automobile in which they were located, pointed a black pistol at Owens, and threatened them. Sanders testified that appellant obtained the pistol from under the hood of his car.

On February 6, 1998, the Amarillo police radio dispatcher broadcast a reported drive-by shooting in the Northwest Amarillo area. The shooter was reportedly driving a brown station wagon. Shortly after having heard the dispatch report, Amarillo police sergeant Daniel Montano noted a brown station wagon driving on North Hughes Street in Amarillo. Montano activated flashing lights in his vehicle and then pulled in behind the

2

station wagon when it stopped in the parking lot of a convenience store. Sergeant Montano approached the station wagon with his weapon drawn and ordered the occupants out. Appellant and Williams exited the station wagon and were handcuffed. Backup police officers arrived and the station wagon was searched. A loaded black pistol was located under the hood. Two additional cartridges for the pistol were located in the passenger compartment of the station wagon. The officers did not have either a search warrant or an arrest warrant.

Appellant filed a motion to suppress the evidence obtained via the search of the station wagon. A pre-trial hearing was held on the motion. At the hearing, Montano testified that he actuated his emergency vehicle lights because of the police dispatcher's radio message about a drive-by shooting by someone in a brown station wagon, and because the vehicle he was stopping was a brown station wagon. Montano further testified that he asked appellant for consent to search the vehicle and appellant consented. Appellant testified that Montano asked for consent to search, but that appellant did not consent. Appellant did not execute a written consent to search the vehicle. The trial court denied the motion to suppress.

Appellant presents seven issues on appeal. The issues urge that his warrantless arrest, the warrantless search of his vehicle and the resultant seizure and admission of evidence from the vehicle search violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution, Article I, Sections 9, 10 and 19 of the Texas Constitution, and TEX. CRIM. PROC. CODE ANN. arts. 1.04, 1.05, 1.051, 1.06 and 38.23 (Vernon 1977 & Supp. 2003). He asserts that the evidence which should have been

3

suppressed was State's Exhibits No. 1, a pistol; Nos. 3-7, photographs of appellant's vehicle; No. 8 cartridges from the pistol; and Nos. 9 and 10, cartridges from the passenger compartment of appellant's station wagon. The State responds that (1) appellant's detention and arrest were lawful, (2) appellant voluntarily consented to the search of his vehicle, (3) regardless of appellant's consent to search, the police had probable cause to search the vehicle and (4) even if the trial court erred in failing to suppress the evidence, appellant was not harmed.

## LAW

When a pre-trial motion to suppress evidence is overruled, the accused need not subsequently object to the admission of the same evidence at trial in order to preserve error. See Livingston v. State, 739 S.W.2d 311, 334 (Tex.Crim.App. 1987). If, however, evidence which has been the subject of a previously-overruled motion to suppress is offered at trial and the defendant affirmatively states "no objection," the error preserved by presentation of and overruling of the motion to suppress is waived. See Jones v. State, 833 S.W.2d 118, 126 (Tex.Crim.App. 1992).

If the record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse the judgment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment. See TEX. R. APP. P. 44.2(a); Hernandez v. State, 60 S.W.3d 106, 108 (Tex.Crim.App. 2001). The erroneous admission of evidence obtained in violation of the federal constitution is considered to be constitutional error. See id.

4

An appellant urging harm from a trial court's error does not have the burden to prove harm from the error. See Ovalle v. State, 13 S.W.3d 774, 787 (Tex.Crim.App. 2000). Rather, the appellant is required only to suggest, in light of the record, how prejudice may have occurred. Id. At that point, the reviewing court must make its determination as to what effect, if any, the error had on the jury verdict. Id. In making our determination we examine the entire record in a neutral, impartial and even-handed manner. See Harris v. State, 790 S.W.2d 568, 586 (Tex.Crim.App. 1989). If pursuant to our neutral review of the record we determine beyond a reasonable doubt that the nature of the error is such that the error could not have affected the jury, then the error is harmless; otherwise it is not. Id. at 586-87.

## ANALYSIS

At the time the State offered each of State's Exhibits 3-7 (photographs of appellant's brown station wagon) and 8, 9 and 10 (cartridges from the pistol found under the hood of appellant's station wagon and found inside the passenger compartment of the station wagon), appellant's counsel stated "No objection." Such statement results in failure to preserve error as to the admission of the exhibits, regardless of the correctness of the trial court's prior ruling on a motion to suppress. See Jones, 833 S.W.2d at 126. Thus, as to those exhibits, error was not preserved for review, and appellant's issues as to them are overruled.

As to State's Exhibit No. 1, the pistol found under the hood of appellant's car during the search, appellant does not suggest to us how the record demonstrates harm to him by

5

admission of the pistol into evidence.  See Ovalle, 13 S.W.3d at 787.  Although appellant does not have a burden of proof to show that he suffered harm from the alleged error in admitting the pistol into evidence, he has the obligation to suggest, in light of the record, how prejudice to him may have occurred.  Id.  He does not do so.

Owens and Sanders, two longtime acquaintances of appellant, testified that appellant "cut them off" with his vehicle and that appellant then went to the hood of his car, approached them with a pistol, pointed it directly at Owens and threatened them.  Neither Owens nor Sanders could positively identify State's Exhibit No. 1 as the pistol used by appellant, although both stated that they were very focused on the pistol and intimidated by it while appellant was making his verbal threats and pointing the gun at Owens.  Their testimony as to appellant's having a pistol and pointing it at Owens was clear, positive and unequivocal.

Williams testified for appellant.  She could not testify whether appellant threatened her friends with a pistol, however, because after she entered appellant's station wagon, she had her head down between her legs and was crying.

The finding of the pistol by the police was not mentioned in *voir dire* of the jury panel by either the State or appellant; it was not mentioned by the State in opening or closing arguments, nor by appellant in closing argument.  In rebuttal closing argument the State briefly mentioned the pistol being found under the hood of appellant's car, to buttress the testimony of Owens and Sanders, who had been accused of testifying against appellant to get back at appellant for his treatment of their friend Williams.

6

Having reviewed the entire record in a neutral manner, we conclude that, beyond a reasonable doubt, even if the trial court erred in overruling appellant's motion to suppress as to the pistol discovered and seized during the search of appellant's vehicle, the admission of the pistol did not contribute to appellant's conviction. See Tex. R. App. P. 44.2(a); Harris, 790 S.W.2d at 586-87. Appellant's seven issues are overruled.

CONCLUSION

Having overruled each of appellant's issues, we affirm the judgment of the trial court.

Phil Johnson
Chief Justice

Do not publish.